CYRUS P. GEARS, d. b., *vs.* WILLIAM T. RYAN, p. b.

1. APPEARANCE—CURING DEFECT IN SERVICE.

Appearance of defendant cured any defect in the service, if not sufficiently long before the return.

2. JUSTICES OF THE PEACE—CERTIORARI—RECORD—ADJOURNMENT—"MUTUAL CONSENT".

From the record reciting that a second adjournment by a justice was by "mutual consent", it is to be taken, in the absence of anything to the contrary, that it was made on the agreement and request of both parties.

3. JUSTICES OF THE PEACE—CERTIORARI—RECORD—JUDGMENT—SURPLUSAGE—DEFAULT.

The words "by default" are to be treated as surplusage, and a justice's judgment considered one on hearing, the record showing that on the day to which adjournment was had by mutual consent, plaintiff did, and defendant did not, appear, and the justice proceeded to hear the case in defendant's absence, and after hearing "the proofs and allegations of plaintiff under oath, and maturely considering the same," thereupon entered judgment "by default" for plaintiff against defendant.

(*March* 2, 1916.)

Judges BOYCE and RICE sitting.

' *Thomas C. Frame, Jr.*, for plaintiff in certiorari.

*Ayres J. Stockly* (of the Wilmington Bar) and *James M. Satterfield* for defendant.

Superior Court, Kent County, February Term, 1916.

CERTIORARI, No. 2, February Term, 1916.

Action of Assumpsit before a Justice of the Peace, by William T. Ryan against Cyrus P. Gears for professional services and for goods sold and delivered. Judgment for plaintiff. Defendant brings certiorari. Affirmed.

The principal exceptions were:

"*First*, it does not appear on what date the constable made the return of the writ of summons, it appearing from the record that the writ of summons was returnable June 28, A. D. 1915."

"*Third*, the record does not disclose upon whose application the second postponement was made, that is, it does not show whether the plaintiff or defendant, or either of them, applied for the same,—it appearing from the record 'by mutual agreement another postponement until Wednesday, July 14, 1915.'"

"*Sixth*, it appears from the record that the justice of the peace gave judgment by default, which was error, and he should have given judgment on a hearing, the defendant having appeared."

BOYCE, J., delivering the opinion of the court:

[1] Summons was issued in this case on June 22 returnable on June 28, 1915. Personal service was made, but the return did not disclose when it was made. Whether the service was made fully four days before the return is unimportant, since the defendant appeared, which cured any defect in the service.

[2, 3] The first adjournment was made on application of the defendant, and the second adjournment was made "by mutual agreement." In the absence of anything to the contrary, it is to be taken that this adjournment was made upon the agreement and request of both parties. On the day to which the second adjournment was made the record shows that the plaintiff appeared, and that the defendant failed to appear; that the justice proceeded to hear the case in the absence of the defendant, and after hearing "the proofs and allegations of the plaintiff under oath, and maturely considering the same," he did thereupon enter judgment "by default" in favor of the plaintiff and against the defendant. We think that the words "by default", in view of the state of the record, may be treated as surplusage, and that the judgment rendered "upon proofs and allegations" is valid.

We overrule the exceptions and affirm the judgment below.